UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                   Case No. 1:21-cr-20155

v.                                                 Honorable Thomas L. Ludington
                                                        United States District Judge

CHRISTOPHER MICHAEL KACZMAREK,

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, CERTIFICATE OF APPEALABILITY, AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Christopher Michael Kaczmarek committed federal firearms offenses and pleaded guilty to one of them. He was sentenced to a decade in prison plus three years of supervised release. He now seeks to vacate his sentence under 28 U.S.C. § 2255, contending ineffective assistance of counsel and various constitutional violations. The Government disagrees. As explained hereafter, Kaczmarek is not entitled to relief.

I.

On August 18, 2021, Defendant Christopher Michael Kaczmarek was indicted on two counts of felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and two counts of possession of an unregistered firearm, 26 U.S.C. § 5861(d). ECF No. 25. He pleaded guilty to one count of the latter and was sentenced on July 28, 2022, to 120 months' imprisonment, followed by 3 years of supervised release. ECF No. 49. On December 29, 2022, he filed a motion to vacate the sentence under 28 U.S.C. § 2255, ECF No. 51, which he later amended, ECF No. 60, and the Government opposes, ECF Nos. 59; 61.

**II.**

A prisoner seeking relief under 28 U.S.C. § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citation omitted). A prisoner alleging ineffective assistance of counsel "must prove his allegation that his lawyers were constitutionally ineffective by a preponderance of the evidence." *Id.* (citation omitted).

**III.**

**A.**

Defendant first asserts that his attorney failed to file an appeal as directed, leading to a procedural default. ECF No. 60 at PageID.399.

A claim for which no contemporaneous objection was made, and that was not raised on direct appeal, is not reviewable in a § 2255 petition unless the petitioner can demonstrate both cause and prejudice to excuse his failure to do so. *United States v. Frady*, 456 U.S. 152, 167–68 (1982); *Nagi v. United States*, 90 F.3d 130, 133–34 (6th Cir. 1996); *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993).

Defendant has made no attempt to establish cause for his failure to raise his ineffective-assistance argument to this Court, so his first argument fails. *United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004). And Defendant has not shown prejudice from the absence of an appeal, as he has made no attempt to explain how his trial counsel's failure to file an appeal resulted in any harm or injustice to him. Defendant's § 2255 Motion focuses on the length and constitutionality of supervised release. But there is no clear link between the failure to appeal and the arguments raised in the motion regarding supervised release, statutory maximums, or

due-process violations. Without establishing this connection and showing how the lack of appeal harmed his case, there is no prejudice. *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000); *Valentine v. United States*, 488 F.3d 325, 334–35 (6th Cir. 2007).

Therefore, Defendant's claim of ineffective assistance of trial counsel does not warrant relief.

**B.**

Defendant next contends that the statute prohibiting the possession of an unregistered silencer under 26 U.S.C. § 5861(d) violates the Second Amendment. ECF No. 51 at PageID.337.

But that argument is barred by the collateral-review waiver. Defendant waived his right to challenge his conviction or sentence on collateral review, with exceptions only for ineffective assistance or prosecutorial misconduct. ECF No. 38 at PageID.190. Nor has Defendant demonstrated cause for failing to raise this issue before this Court, so the collateral-review waiver bars this argument. *See Portis v. United States*, 33 F.4th 331, 334–35 (6th Cir. 2022).

Even so, a silencer is not a "firearm." Rather, a "silencer is a firearm accessory" and does not fall within the scope of the Second Amendment's protection. *United States v. Cox*, 906 F.3d 1170, 1184 (10th Cir. 2018) (citing *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008)); *accord United States v. McCartney*, 357 F. App'x 73, 76 (9th Cir. 2009); *United States v. Hasson*, No. 8:19-CR-00096, 2019 WL 4573424, at *4 (D. Md. Sept. 20, 2019), *aff'd*, 26 F.4th 610 (4th Cir. 2022); *United States v. Saleem*, No. 3:21-CR-00086, 2023 WL 2334417, at *9 (W.D.N.C. Mar. 2, 2023). And Defendant's argument that the licensing regime regulating silencers violates the Second Amendment is not supported by the record, and he has made no attempt to demonstrate that 28 U.S.C. § 5861(d) violates the Second Amendment.

For these reasons, Defendant's second argument does not warrant relief.

## C.

Finally, Defendant argues that his term of supervised release exceeds the statutory-maximum term of imprisonment and should be considered part of the sentence for the initial offense. ECF No. 51 at PageID.337.

But supervised release is a separate component of a judgment of sentence from the term of imprisonment. *See United States v. Wright*, 2 F.3d 175, 179 (6th Cir. 1993) (explaining that § 3583 "authorizes imposition of a term of supervised release *in addition* to the maximum term of imprisonment provided for in prohibiting the underlying offense"). Thus, a term of supervised release cannot violate the statutory-maximum term of imprisonment.

## D.

Before Petitioner may appeal this dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies habeas on the merits, the substantial-showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). In applying that standard, a district court may not conduct a full-merits review; it must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336–37 (2003).

Because reasonable jurists would not disagree that Defendant has not substantially showed the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). And Defendant will be denied leave to appeal *in forma pauperis* because an appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

## IV.

Accordingly, it is **ORDERED** that Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255, ECF No. 51, is **DENIED**.

Further, it is **ORDERED** that a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**.

**This is a final order**.


Dated: August 9, 2023                                      s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge